UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------- X
ANNIE FEBUS,                          :

        Plaintiff,            :     13 Civ. **13 - 1064**

   -against-                         :     **ANSWER**

CVS ALBANY, L.L.C., CVS PHARMACY,
and CVS PHARMACY, INC.,               :

        Defendant.            :
------------------------------------- X

The Defendant CVS ALBANY, L.L.C. and CVS PHARMACY, INC., improperly named CVS PHARMACY, by and through its attorneys, EDWARDS WILDMAN, LLP, hereby answers the Verified Complaint of the plaintiff as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1. Admitted.

2. Denied.

3. Admitted that CVS Pharmacy, Inc. is incorporated in Rhode Island, has its principal place of business at its corporate headquarters in Woonsocket, Rhode Island, and is licensed to do business in the State of New York.

4. Admitted that the entity that operated the CVS Store at 85-29 126th Street, Kew Gardens, New York at the time the complaint was filed, and later when service was made, was (and is) CVS Albany, L.L.C. The remaining allegations are denied.

5. Admitted as to CVS Albany, L.L.C. The remaining allegations are denied.

6. Admitted as to CVS Albany, L.L.C. The remaining allegations are denied.

7. Admitted as to CVS Albany, L.L.C. The remaining allegations are denied.

8. Admitted as to CVS Albany, L.L.C. The remaining allegations are denied.

9. Admitted as to CVS Albany, L.L.C. The remaining allegations are denied.

10. Admitted as to CVS Albany, L.L.C. The remaining allegations are denied.

11. Defendants are without sufficient information to admit or deny the allegations contained within paragraph 11 and, therefore, said allegations are denied.

12. Defendants are without sufficient information to admit or deny the allegations contained within paragraph 12 and, therefore, said allegations are denied.

13. Defendants are without sufficient information to admit or deny the allegations contained within paragraph 13 and, therefore, said allegations are denied.

14. Defendants are without sufficient information to admit or deny the allegations contained within paragraph 14 and, therefore, said allegations are denied.

15. Defendants are without sufficient information to admit or deny the allegations contained within paragraph 15 and, therefore, said allegations are denied.

16. Defendants are without sufficient information to admit or deny the allegations contained within paragraph 16 and, therefore, said allegations are denied.

17. Defendants are without sufficient information to admit or deny the allegations contained within paragraph 17 and, therefore, said allegations are denied.

18. Defendants are without sufficient information to admit or deny the allegations contained within paragraph 18 and, therefore, said allegations are denied.

19. Defendants are without sufficient information to admit or deny the allegations contained within paragraph 19 and, therefore, said allegations are denied.

20. Defendants are without sufficient information to admit or deny the allegations contained within paragraph 20 and, therefore, said allegations are denied.

AM 18446897.3

- 3 -

21. Denied.

22. Denied.

23. Denied.

24. Denied.

24. [sic]     Denied.

## AS AND FOR A SECOND CAUSE OF ACTION

26. Defendants Repeat, reiterate and reallege each and every response to the paragraphs of plaintiff's Verified Complaint designated as "1" through "24 [sic]" with the same force and effect as though fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

## AS AND FOR A THIRD CAUSE OF ACTION

30. Defendants Repeat, reiterate and reallege each and every response to the paragraphs of plaintiff's Verified Complaint designated as "1" through "29" with the same force and effect as though fully set forth herein.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## AS AND FOR A PRAYER FOR PUNITIVE DAMAGES

35. Denied

AM 18446897.3

**WHEREFORE**, defendants CVS Albany, L.L.C. and CVS Pharmacy, Inc. demand judgment dismissing the Complaint with prejudice, awarding defendants their reasonable costs, and granting defendants such additional legal and/or equitable relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEFS

The answering defendants were without notice of any of the purported conditions alleged in the complaint.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF

That the negligence and/or culpable conduct on the part of these answering defendants, if any, is fifty (50%) percent or less of the negligence and/or culpable conduct of all parties responsible for the alleged occurrence and any recovery by the plaintiff against these answering defendants is limited pursuant to Article 16 of the New York Civil Practice Law and Rules.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF

That if the plaintiff sustained any injuries, loss or damage as alleged in plaintiff's complaint, then the same will have been brought about and caused by reason of the negligence, and/or culpable conduct on the part of the plaintiff or of some other party or persons not under the control of the answering defendants and any recovery of the plaintiff must be diminished in proportion to said negligence and/or culpable conduct.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF

That any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative service, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules, and consequently, if any damages are recoverable against the said answering defendant, the amount of such damages shall be diminished by the amount of the fund which plaintiff has or shall receive from such collateral source.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF

That the Complaint herein fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF

Plaintiff's injuries, if any, are attributable to causes, persons, or entities other than the acts and/or omissions of these defendants and are reasonably capable of being apportioned amongst the causes, persons or entities pursuant to the Restatement (Second) of Torts §433A as adopted in the State of New York. The plaintiff's recovery against these defendant must be denied for injuries not attributable to these defendants.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF

AM 18446897.3

Plaintiff's damages, if any are attributable to conditions, pre-existing or otherwise, and said damages are reasonably capable of being apportioned amongst the various conditions and the damages caused by these defendants pursuant to the Restatement (Second) of Torts §433A as adopted in the State of New York. Plaintiff's recovery against these defendants for these other conditions, pre-existing or otherwise, must be denied.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF

Plaintiff failed to mitigate damages and, plaintiff's recovery, if any, must be denied or reduced accordingly.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF

Plaintiff's Verified Complaint fails for misnomer of a party and/or parties.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF

Plaintiff's claims for breach of warranty/strict liability fail to state a claim upon which relief may be granted as such claims are not viable against a pharmacy or pharmacist under New York law in a prescription drug case.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF

Plaintiff is not entitled to punitive damages. Punitive or exemplary damages cannot be sustained based on the allegations contained in the Complaint. Any award of punitive or exemplary damages would be violative of the Defendants' due process rights, equal protection

rights and/or guaranty against double jeopardy as guaranteed by the United States Constitution and the New York Constitution.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF

Plaintiff's Verified Complaint fails because of unclean hands, waiver, laches, and/or estoppel.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF

The method, manner, and instructions relating to punitive damages violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and under the Constitution of the State of New York because the standard by which punitive damages are awarded is unconstitutionally vague and the instructions given offer inadequate safeguards that the award will bear a reasonable and rational relationship to the compensatory award, if any.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF

The Plaintiff's claims are barred by the applicable statutes of limitation.

WHEREFORE, defendants demand judgment dismissing the plaintiff's complaint herein, together with the costs and disbursements of the within action. Defendants further demand a bifurcated trial on punitive damages and designate Paul E. Dwyer, Jr. as trial counsel.

Dated:  Providence, RI
        February 27, 2013

        CVS ALBANY, L.L.C. and CVS PHARMACY, INC.

        By their Attorneys,

        /s/ Paul E. Dwyer, Jr.
        Paul E. Dwyer, Jr. (#640607)
        Attorneys for Defendants
        2800 Financial Plaza
        Providence, Rhode Island 02903
        (401) 274-9200
        pdwyer@edwardswildman.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------- X
ANNIE FEBUS,

        Plaintiff,

   -against-

CVS ALBANY, L.L.C., CVS PHARMACY,
and CVS PHARMACY, INC.,

        Defendant.
------------------------------------- X

13 Civ. 1064

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                         ) SS.:
COUNTY OF NEW YORK )

JOHN FRANCAVILLO, being duly sworn, deposes and states that he / she is over the age of 18, is not a party to this action, and on the 1st day of March 2013, he / she caused a true copy of the foregoing NOTICE OF REMOVAL and supporting declarations, ANSWER, RULE 7.1 STATEMENT and CIVIL COVER SHEET to be served upon:

    Alvin H. Broome
    ALVIN H. BROOME & ASSOCIATES
    225 Broadway, Suite 630
    New York, NY 10007

by depositing a true copy of said documents enclosed in prepaid, sealed wrapper, properly addressed to the above-named party, in an official depository under the exclusive care and custody of the United States Postal Service, first class mail, within the State of New York.

                                  JOHN FRANCAVILLO

Sworn to before me this
1st day of March 2013

Notary Public

JEAN W. McLOUGHLIN
Notary Public, State of New York
No. 01MC6184463
Qualified in Queens County
Commission Expires April 7, 2016

AM 18360351.1